UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01070-FWS-ADS | Date: December 5, 2025 |
| Title: Tong Zheng v. Kika Scott *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Damian Velazquez for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [18]**

On May 19, 2025, Plaintiff Tong Zheng filed this case against various federal government defendants alleging that the government has unreasonably delayed the adjudication of his I-130 Petition for Alien Relative. (Dkt. 1 (Complaint) at 2.) On August 28, 2025, the court issued an Order to Show Cause re Dismissal for Lack of Prosecution (the "First OSC"), noting that Plaintiff had not yet filed a proof of service, even though 90 days had passed since the filing of the Complaint. (Dkt. 12 at 1 (citing, among other authority, Fed. R. Civ. P. 4(m)).) The court set a response deadline of September 12, 2025, and specifically advised that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further order or notice from the court." (*Id.*)

On September 8, 2025, Plaintiff filed a response to the First OSC in which Plaintiff stated that service was complete and Plaintiff was "in the process of preparing and filing the Proof of Service." (Dkt. 14.) Based on the Response, the court continued the First OSC to September 19, 2025, and directed Plaintiff to file a proof of service by that date. Plaintiff did so, filing four proofs of service on September 15, 2025. (Dkts. 16-19.)

However, the deadlines to respond passed without the government responding, and Plaintiff again took no action. Accordingly, on November 10, 2025, the court issued another Order to Show Cause re Dismissal for Lack of Prosecution (the "Second OSC"), directing Plaintiff to show cause in writing why the case should not be dismissed for lack of prosecution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01070-FWS-ADS | Date: December 5, 2025 |
| Title: Tong Zheng v. Kika Scott *et al.* | |

(Dkt. 20 ("Second OSC").)  The court set a response deadline of November 17, 2025, and again specifically advised that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further order or notice from the court."  (*Id.* at 1.)  Now, more than two weeks after the court's deadline for Plaintiff to respond to the Second OSC, Plaintiff has filed nothing.  (*See generally* Dkt.)

What is more, the court has reviewed the proofs of service filed and it does not appear to the court that the proofs of service demonstrate adequate service.  *See* Fed. R. Civ. P. 4(i) (regarding procedure for serving United States government defendants).

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the Second OSC.  As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal."  *Id.* at 642.

The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Id*.  When a plaintiff fails to take action after filing proofs of service, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01070-FWS-ADS                                    Date: December 5, 2025
Title: Tong Zheng v. Kika Scott *et al.*

___

to file motion for default judgment, reasoning as to this factor, "Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket"). Moreover, this is the second time the court has issued an OSC based on Plaintiff's lack of prosecution; Plaintiff's "noncompliance" has become "routine" and has required the court to monitor multiple deadlines and take action when Plaintiff repeatedly failed to meet those deadlines, thereby "consum[ing] some of the court's time that could have been devoted to other cases on the docket." *Pagtalunan*, 291 F.3d at 642.

The third factor, the risk of prejudice to the government, is neutral given that it is uncertain whether the government has been properly served. *Cf. Pagtalunan*, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.").

The court finds the fourth factor also favors dismissal because the court has attempted less drastic alternatives, but they have been unsuccessful. The court gave Plaintiff ample time to seek default or other appropriate relief, and clearly informed Plaintiff that failure to respond to the OSC would result in dismissal without further notice or order. (Second OSC at 1); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders.").

Finally, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01070-FWS-ADS | Date: December 5, 2025 |
| Title: Tong Zheng v. Kika Scott *et al.* | |

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).  Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  The court finds Plaintiff's repeated failure to timely prosecute this case lessens the weight of the public policy favoring disposition on the merits.  *See Ewing*, 2012 WL 2138159, at *2.  The court therefore finds this factor is neutral and does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal.  *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").  Consistent with the court's statement, (Second OSC at 1), this case is **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal"); *see, e.g.*, *Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadline to file motion for default judgment).

___